WILLIS J. BONE, for plaintiff in error, vs. WILLIAM INGRAM, defendant in error.

[1.] The defendant asked leave to re-introduce a witness, his counsel stating, that he could prove a material fact by the witness—a thing that he did not know of, when the witness was first examined. The plaintiff's counsel "objected to the witness being recalled." The Court sustained the objection. *Held*, That the Court erred.

[2.] A witness of the plaintiff's, swore, that a third person had made a material statement to him. Afterwards, both parties closed their evidence, and the Court adjourned until next morning. Before the argument commenced the next morning, the defendant's counsel asked leave to examine this third person, himself—stating, that such person would contradict the witness; that he was out of the county, the evening before, when the evidence was closed; and, that the defendant was ready to swear, that he did not anticipate, that the witness would testify to any such matter. *Held*, That the Court ought to have granted the leave asked for.

Bone vs. Ingram.

Complaint, in Randolph Superior Court. Tried before Judge KIDDOO, at May adjourned Term, 1858.

This was an action by William Ingram against Willis J. Bone, on a promissory note for $200, payable to James R. Gause, or bearer, dated 8th November, 1853, due 1st January, 1857.

After several witnesses had been sworn, and examined on the part of the defence, defendant's counsel proposed to recall Ramsay, a witness, who had been examined; counsel stating that he had just learned that he could prove a material fact by the witness, which he did not know, when the witness was on the stand. Plaintiff's counsel objected to the witness being recalled. The Court sustained the objection, and defendant excepted.

The plaintiff in reply, proved by a witness named Bridges, that six or eight months after defendant bought the mule, (for which the note sued on was given,) he, at the request of William W. Massey, went to buy the mule; that Massey authorized him to give one hundred and seventy-five dollars, that he offered defendant one hundred and eighty dollars, which he refused to take.

After the cross-examination of this witness, the testimony closed, and the Court adjourned till the next morning.

Upon the opening of Court next day, the defendant proposed to re-open the case, so far as to allow him to introduce and examine the said William W. Massey, by whom he would prove, that said Bridges was never sent or authorized by him to buy said mule; that he Massey, did not consider the mule worth twenty-five dollars. Defendant further proposed to make affidavit that he did not anticipate the testimony of said Bridges; that when his counsel announced the evening before, that he had closed, Massey was not in the county, but was in Webster county, where he resided; that he, defendant, had gone after him during the night, and had him then in Court, ready to be sworn. The Court re-

fused the application to re-open and allow defendant to examine the witness, and defendant excepted.

The jury found for the plaintiff, and defendant tendered his bill of exceptions, assigning as errors the foregoing rulings and decisions.

GEO. L. BARRY, for plaintiff in error.

DOUGLASS & DOUGLASS, *contra*.

*By the Court.*—BENNING J. delivering the opinion.

We think, that the Court below erred, in not allowing the witness, Ramsay, to be recalled, and, the question to be put to him.  The excuse for not putting it, at first, was quite sufficient.

This was not denied; but it was said, that what was to be proved by Ramsay, does not appear—and, therefore, that the presumption must be, that it was something immaterial.  But we think not.  We think, the presumption must be the other way.  For, the statement to the Court, by the counsel moving for the reintroduction of the witness, was, that he could prove " a material fact"—by the witness; and no issue or question, as to whether this statement was true in fact, was suggested by the Court, or by the counsel on the other side.  The counsel merely "objected to the witness being recalled;" they did not object, that what he would say, if recalled would be immaterial.

Besides, when the intention is to rely, or to decide, on a special ground like this, the intention ought to be stated, in the objection, or, in the decision, respectively.  Otherwise, it will be considered as having been waived—for the ground of such an objection, might perhaps be removed in a moment, if the objection were known.  In the present case, all that was necessary to be done, to remove or to establish this objection, was, simply, to ask the counsel to state the fact which he expected to prove.

[1.] We think, then, that the Court erred in not allowing the recall and re-examination of the witness.

We think too, that the Court ought to have opened the case, and have let in the testimony of the witness, Massey. That that testimony was material is unquestionable; it was not denied. And the excuse for not having it sooner, was ample; unless the law requires, of parties, impossibilities.

Judgment reversed.

McDonald, J. absent.